**Aleksander HAMETAJ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–2553–ag.

United States Court of Appeals, Second Circuit.

Dec. 24, 2008.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the October 3, 2008 due date specified in the scheduling order issued on July 30, 2008, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Aleksander Hametaj, a native and citizen of Albania, seeks review of an April 28, 2008 order of the BIA affirming the June 12, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aleksander Hametaj*, No. A95 862 364 (B.I.A. Apr. 28, 2008), *aff'g* No. A95 862 364 (Immig. Ct. N.Y. City Jun. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). However, when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA's decision, *i.e.* minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA's decision focused on the IJ's alternate finding of changed country conditions, making it unclear whether the BIA agreed with the IJ's credibility determination. Thus, we dispose the petition for review on burden of proof grounds, assuming Hametaj's credibility for purposes of our decision. *See Yan Chen,* 417 F.3d at 271.

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ Substantial evidence supports the agency's determination that country conditions in Albania have changed sufficiently such that Hametaj no longer has a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i). Hametaj argues that the IJ failed to conduct an "individualized analysis" of how any change in country conditions would affect his particular situation. That argument fails as it ignores our statement in *Hoxhallari v. Gonzales,* that the agency need not enter specific findings supporting a changed country conditions determination where the agency is aware of "the salient historical events and conditions of countries that are the subject of an appreciable proportion of asylum claims," such as Albania. 468 F.3d 179, 186–87 (2d Cir.2006). Regardless, the agency provided a reasoned basis for its finding where it observed that "the Democratic Party had gained control of Albania's government in 2005," and that "the record reflected that a smooth transition of power had occurred." Hametaj does not point to any evidence compelling a conclusion contrary to that of the agency. Accordingly, substantial evidence supports the agency's finding that any presumption of a well-founded fear of persecution was rebutted. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Manzur,* 494 F.3d at 289.

Because Hametaj was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal where that claim relied on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Finally, because Hametaj failed to challenge the IJ's denial of his CAT claim before the BIA or this Court, we deem any such argument abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).